# JUAN CRESUS VENUS

*v.*

# THE SS. "QUEBEC" ET AL.

---

Admiralty, No. 756.

1. One who makes a contract to be carried on a boat from Porto Rico to a place named in the contract has no right of action against the boat, but merely one *in personam* against the owners, where neither the passenger nor the boat entered upon the performance of the contract, as no maritime lien was created.

2. A libel in an action against a boat and the owners for nonperformance of a contract of carriage of passengers may not be amended so as to set out a cause of action against the owners, where the court had no jurisdiction of the boat, and the owners were not in court, and the action as claimed was simply against the boat, and an amendment

which would make the owners liable would make an absolute substitution, creating a new action.

Opinion filed April 5, 1911.

———

*Messrs. Anderson & Sweet,* for libellant.

*Mr. Antonsantl* for respondents.

JENKINS, Judge, delivered the following opinion.

Under the circumstances I deem it best to make a short memorandum expressive of my views.

I never had any doubt but that the plaintiff had a right of action, not against the boat, but one *in personam.*

The plaintiff made a contract to be carried on the defendant boat from Porto Rico to a place named in the contract, but neither the plaintiff nor the boat entered upon the performance of the contract; hence, no maritime lien was created. There being no maritime lien, no action could be maintained against the boat. It will make no difference upon what theory the libel was framed, the action is against the boat. It is true that the owners are also made defendants, but if there is no lien the libel would have to be amended so as to show the cause of action against the owners, and the question arises, whether an amendment could be made which could sustain the present action.

The service of the libel upon the owners through their agents here, while it might bring the owners into court, does not dis-

VI. Porto Rico—2.

pose of the important and interesting question in the case. The fact that a monition issued including both the boat and the owners will not make any difference. There was no service upon the owners, the owners were not in court, and could not be brought in court by the arrest of the vessel. The vessel could only be reached, as any other property of the owners, by a foreign attachment.

To permit an amendment as the case now stands would be extending the doctrine of amendment far beyond what was ever contemplated. The amendment of the pleading merely means that the pleading is defective and that it can be amended as an original bill. The action now is framed against the boat, and it will make no difference what is in or out of the libel, as far as that is concerned; and to make the owners liable, an amendment would be required that would make an absolute substitution. Instead of an action pending against the boat, it would be necessary to have an action against the owners, independent and separate of the boat.

So the amendment would be extended to the creation of a new action. This is said, keeping in mind that the facts in both actions are the same.

While I may not make myself entirely clear, under all the circumstances, I am well satisfied that the exceptions should have been sustained at the outset; and in consequence of these views and other views I have not time to express, the exceptions have been sustained.